UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANTHONY FORREST,

        Petitioner,                      Case No. 1:08-cv-1082

v.                                         Honorable Robert J. Jonker

DEBRA SCUTT,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Scott Anthony Forrest presently is incarcerated at the G. Robert Cotton Correctional Facility. He pleaded guilty in the Newaygo County Circuit Court to child sexually abusive material or activity, MICH. COMP. LAWS § 750.145c(2), and eavesdropping, MICH. COMP. LAWS § 750.539d. On January 31, 2006, he was sentenced to concurrent terms of imprisonment of four to twenty years and one to two years, respectively. Petitioner has been discharged on the eavesdropping offense but remains incarcerated on the offense of child sexually abusive material or activity.

Petitioner filed a direct appeal of his conviction, which was dismissed with the consent of Petitioner and his appellate counsel on September 12, 2006. On September 12, 2007, Petitioner filed a motion for relief from judgment in the Newaygo County Circuit Court, raising the sole issue presented in the instant habeas petition:

I.   COURT LACKED THE SUBJECT MATTER JURISDICTION TO HEAR OR ISSUE PROCESS FOR IMPRISONMENT.

(Am. Pet. at 6, docket #4.) The circuit court denied the motion for relief from judgment on September 17, 2007, on the grounds that the motion failed to present issues that merited review. (9/17/07 Cir. Ct. Ord., docket #1-2 at 13.) Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising the same ground. The court of appeals denied leave to appeal for lack of merit in the grounds presented on May 13, 2008. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on the grounds that Petitioner had failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (citing *Brady v. United States*, 397 U.S. 742 (1970); *McMann v. Richardson*, 397 U.S. 759 (1970); and *Parker v. North Carolina*, 397 U.S. 790 (1970)). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the

alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Petitioner does not challenge the validity of his guilty plea. Instead, he argues that the circuit court was without subject matter jurisdiction over his criminal case because of technical defects in the return and bind-over forms filed in the circuit court by the district court. Specifically, he alleges that certain lines on the two forms were not properly completed, rendering his bind-over to circuit court improper under state law. He alleges that this "radical jurisdictional defect" renders the trial court's judgment null and void. (Pet., Att. 1, docket #1-2 at 6.) Arguably, Petitioner intends to raise his claim under the *Blackledge* exception to the guilty-plea bar.

In *Blackledge*, 417 U.S. at 30, the Supreme Court considered a due process challenge to a prosecutor's filing of felony charges following a defendant's successful appeal of a misdemeanor alleging the same conduct. The Court concluded that the Due Process Clause was offended by the possibility of increased punishment after appeal when there exists a realistic opportunity for prosecutorial vindictiveness. *Id.* at 28. Having concluded that the Due Process Clause barred the felony charge, the Court considered whether the defendant had waived his right to challenge the charge by pleading guilty to the offense. The Court held that the defendant was "not complaining of 'antecedent constitutional violations' or of a 'deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *Id.* at 30. Instead, the Court held:

> the right that he asserts and that we today accept is the right not to be haled into court at all upon the felony charge. The very initiation of the proceedings against him in the Superior Court thus operated to deny him due process of law.

*Id.* at 30-31.

In reaching its decision, the *Blackledge* Court thoroughly discussed the general rule prohibiting collateral review of claims antecedent to a guilty plea. It specifically distinguished *Tollett*, 411 U.S. 258, where the Court addressed "whether a state prisoner, pleading guilty with the advice of counsel, may later obtain release through federal habeas corpus by proving only that the indictment to which he pleaded was returned by an unconstitutionally selected grand jury." *Id.* at 260. The *Tollett* Court characterized the guilty plea as "a break in the chain of events which has preceded it in the criminal process." *Id.* at 267. It therefore held that, when a criminal defendant enters a guilty plea, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*

The Supreme Court again addressed the *Blackledge* exception in *Menna v. New York*, 423 U.S. 61 (1975). In *Menna*, the Supreme Court held that a double jeopardy claim may be raised in federal habeas corpus proceedings following a state-court conviction based on a guilty plea. Relying on *Blackledge*, the Court held that, "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Id.* at 62.

Here, unlike in *Blackledge* and *Menna*, Petitioner's "jurisdictional" claim does not challenge the power of the state to hale him into court. Petitioner does not dispute that the state had the power to charge, convict and sentence him for the offenses to which he pleaded guilty. Instead, as in *Tollett*, he challenges the procedural niceties underlying his bind-over to the circuit court. Such a claim unquestionably "relat[es] to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. Petitioner's claim therefore is without merit, and

the state courts' denial of that claim was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   February 10, 2009             /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE